**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN IGLESIAS, individually and on behalf of all others similarly situated, | Index No. |
| *Plaintiff,* | CLASS AND COLLECTIVE ACTION COMPLAINT |
| -*against*- | |
| NATIONAL BROADBAND COMMUNICATIONS LLC, EXECUTIVE TECHNICIANS CORPORATION, CHRISTIAN CABEZAS, and ARAM COLINARES, | JURY TRIAL DEMANDED |
| *Defendants.* | |

Plaintiff, Juan Iglesias, individually and on behalf of all others similarly situated, (hereinafter "Plaintiff") by his attorneys, based; (i) upon his own personal knowledge; (ii) his own acts and the acts and statements of the above-named defendant in which Plaintiff participated directly, including the communications with, representations made, and documentation and information provided to Plaintiff by defendant in the ordinary course of business; and (iii) the investigation of his counsel, alleges as follows:

## OVERVIEW OF THE ACTION

1.  Defendants National Broadband Communications LLC, Executive Technicians Corporation, Christian Cabezas, and Aram Colinares (collectively, "Defendants") operate a company that provides repair services to Direct TV's customers. Under the particular arrangement worked out between Direct TV and the Defendants, whenever a Direct TV customer in the New York downstate area requires an installation or has technical problems with their equipment, Defendants send one of their employees to service the request.

2.  Although these employees are required to work a set number of hours per day and week, they are paid on a per job basis based on the number of customers that they service.

3. Plaintiff brings this lawsuit as a collective action under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. (the "Collective Claim") and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all persons similarly situated (the "Class Claim") who suffered damages as a result of Defendants' violations of the Federal Fair Labor Standards Act and of the Labor Laws of the State New York.

4. Plaintiff seeks to represent current and former employees of the Defendants who were classified as independent contractors so that Defendants could avoid paying them proper wages in accordance with the FLSA and New York Labor Laws (hereinafter, the "Technicians").

5. Indeed, under the guise of calling their employees independent contractors, Defendants failed to pay overtime for work performed in excess of 40 hours per week as required by law. Plaintiff and the Technicians were also subjected to unlawful deductions from their pay and were unlawfully compelled to pay for Defendants' business expenses or were unlawfully charged back for commissions or other losses allegedly caused by them through simple negligence or through no fault of their own.

6. The Groups and classes that Plaintiff seeks to represent are:

   a. The "Federal Collective Group" that consists of all individuals who were or are employed by Defendants in the tristate area as Technicians at any time from August 17 2013, who timely opt-in to any such collective group (the "Federal Eligibility Period");

   b. The "New York Class" consists of all individuals that were employed as Technicians in the State of New York at any time since June 1, 2011 (the "Class Period").

2

7. Defendants violated Section 207 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 by not paying the Federal Collective Group overtime pay for a work week longer than forty hours

8. Defendant violated the rights of the New York Class under New York Labor Law and the New York State Labor Department's Codes, Rules and Regulations ("NYCRR") as follows:

   a. Defendant violated 12 NYCRR § 142-2.2 which requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given work week.

   b. Defendant violated New York Labor Law Section 193 by impermissibly deducting monies from the compensation of certain New York Class members to pay for support staff and other overhead expenses.

9. As a result of defendant's violation of the FLSA and New York labor laws, Plaintiff and the members of the Collective Class were illegally and grossly under-compensated for their work.

## JURISDICTION AND VENUE

10. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper under 28 U.S.C § 1391(b)(1) because the Defendants reside in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Plaintiff is also a resident in this

district.

## PARTIES

**Plaintiff**

12. Plaintiff, Juan Iglesias, is and at all relevant times has been a resident of Kings County, New York,

13. During the Federal Eligibility Period and the Class Period, Plaintiff was employed as a Technician by Defendants. Plaintiff's primary duty as Defendants' employee was to make house calls and provide technical service to Direct TV customers who were having problems with their equipment.

14. During the relevant time period, Plaintiff was not a "professional" as defined 29 C.F.R. § 541.300(a) or in 12 NYCRR § 142-2.14(c)(4)(iii); nor did Plaintiff perform executive or administrative functions as defined in 29 C.F.R. § 541.200(a) or 12 NYCRR §§ 142- 2.14(c)(4)(i), 142-2.14(c)(4)(ii)

**Defendants**

15. During the Federal Eligibility Period and the State Law Class Periods Defendants National Broadband Communications LLC and Executive Technicians Corporation were, in fact, interchangeable entities. Payment checks to the Technicians would come from either company without regard for work.

16. Defendant National Broadband Communications LLC is a domestic limited liability Company with its principal place of business listed as being in Richmond County New York. It's agent of process is Christian Cabezas, who upon information and belief, listed defendant Aram Colinares' home address (184 South Avenue, Staten Island, New York 10303) as the address at which the company is receive service of process.

4

17. Defendant Executive Technicians Corporation is a domestic corporation with its principal place of business located at 9533 97th Street, Ozone Park, Queens County, New York 11416. Upon information and belief, the company's headquarters is the home of defendant Christian Cabezas, although the agent of process at that address is listed as Aram Colinares.

18. Defendants National Broadband Communications LLC and Executive Technicians Corporation are hereinafter collectively referred to as the "Corporation Defendants."

19. Defendant Christian Cabezas is an individual engaging (or who has engaged) in business within this judicial district during the relevant time period. Defendant Christian Cabezas is sued individually in his capacity as owner, officer and or agent of the Corporation Defendants.

20. Defendant Aram Colinares is an individual engaging (or who has engaged) in business within this judicial district during the relevant time period. Defendant Aram Colinares is sued individually in his capacity as owner, officer and or agent of the Corporation Defendants.

21. Defendants Christian Cabezas and Aram Colinares are hereinafter collectively referred to as the "Individual Defendants."

**Defendants Constitute a Joint Employer**

22. The Individual Defendants possess or possessed operational control over the Corporation Defendants, an ownership interest in the Corporation Defendants, or controlled significant functions of the Corporation Defendants.

23. The Individual Defendants determined the wages and compensation of Defendants' employees, including for Plaintiff and the other Technicians. They also established the schedules for Plaintiff and the other Technicians, maintained employee records, and had the authority to hire and fire the Technicians.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff (and other similarly situated Technician's) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated Technicians, referred to herein.

26.     Defendants jointly employed Plaintiff, and all similarly situated Technicians, and are employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff and the similarly situated Technicians.

28.     Upon information and belief, the Individual Defendants operate the Corporation Defendants as alter egos of themselves, and fail to operate the Corporation Defendants as legal entities separate and apart from themselves by, among other, things:

   a. failing to adhere to the corporate formalities necessary to operate the Corporation Defendants as separate and legally distinct entities;

   b. defectively forming or maintaining the Corporation Defendants by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating Corporation Defendants for their own benefit;

   e. operating Corporation Defendants for their own benefit and maintaining control over it as a closely controlled entity;

6

  f. intermingling assets and debts of their own with that of the Corporation Defendants; and

  g. diminishing and/or transferring assets of Corporation Defendants to protect their own interests.

29. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

30. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

31. In each year from 2011 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000.

32. In addition, upon information and belief, Defendants were directly engaged in interstate commerce.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and the Federal Collective Group pursuant to FLSA § 216(b).

34. Plaintiff is informed and believes that Defendants have over 40 employees working as Technicians in the tristate area.

35. Plaintiff is similarly situated to the other members of the Federal Collective Group because they all (a) worked for Defendants as Technicians during the Federal Eligibility Period; (b) functioned exclusively or primarily as employees of the Defendants; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the FLSA; and (e) worked overtime hours without receiving overtime compensation. As a result,

there are questions of law and fact common to Plaintiff and the Federal Collective Group; and, therefore, Plaintiff has a well-defined community of interest with and is an adequate representative of the Federal Collective Group.

36. The following questions of law and fact common to the Federal Collective Group predominate over questions which may affect only individual members of the Federal Collective Group:

    a. Whether defendant failed to adequately compensate the members of the Federal Collective Group for overtime hours worked as required by the Fair Labor Standards Act, 29 U.S.C. § 207, because Plaintiff and the members of the Federal Collective Group are not exempt employees under the Fair Labor Standards Act;

    b. Whether the members of the Federal Collective Group have been damaged and, if so, the extent of such damages; and

    c. Whether defendant willfully violated the FLSA and, if so, the extent of damages associated with such willful violation.

## CLASS ACTION ALLEGATIONS

37. Plaintiff also brings this action on behalf of himself and the New York Class, pursuant to Fed. R. Civ. P. 23.

38. Upon information and belief, the New York Class is so numerous that joinder is impractical.

39. There are questions of law and fact common to Plaintiff and the other members of the New York Class; and, therefore, Plaintiff is similarly situated to the other members of the New York Class and is an adequate representative of the New York Class.

40. The following questions of law and fact are common to the State Law Class and

8

predominate over questions which may affect only individual members of the State Law Class:

    a. Whether defendant failed to adequately compensate the members of the New York Class for overtime hours worked as required by the Labor Laws of New York, including 12 NYCRR § 142-2.2;

    b. Whether defendant wrongfully deducted monies from the wages of the members of the New York Class and/or otherwise required New York Class members to pay for expenses and for reversed charges in violation of the Labor Laws of New York, including, without limitation, Labor Law Article 6 § 193; and

    c. Whether the members of the New York Class have been damaged and, if so, the extent of such damages and whether the members of the New York Class are entitled to penalties and, if so, the extent of such penalties.

41. Plaintiff is asserting claims that are typical of the claims of the New York Class.

42. Plaintiff will fairly and adequately represent and protect the interests of the New York Class and has no interests antagonistic to those of the other members of the New York Class. Plaintiff has retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

43. Plaintiff and the other members of the New York Class have suffered damages as a result of Defendant's wrongful conduct. Because of the size of the claims of the individual members of the New York Class, few, if any, members of the New York Class could afford to seek legal redress for the wrongs complained of herein. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy between Plaintiff and the other members of the New York Class, and Defendants.

## FACTUAL ALLEGATIONS

44.     Upon information and belief, Defendants have a service agreement with Direct TV wherein whenever a Direct TV customer has a problem that requires in home technical assistance, Direct TV passes that service order to the Defendants who are then tasked with making the necessary repairs. Defendants, in turn, work through the Technicians, who make house calls and resolve the Direct TV customer's problem.

45.     On or about the summer of 2011 Plaintiff was hired to work as Technician providing technical assistance and repairs to Defendants' Direct TV customers.

46.     In accordance with his job duties, Plaintiff was required to respond to service calls assigned to him by the Defendants. His service calls were assigned during one of three shifts (8:00 AM – 12:00 PM, 12:00 PM – 4:00 PM, and 4:00 PM – 6:00 PM).

47.     From summer 2011 through his resignation in June 2016, Plaintiff worked at least 6 days a week, Monday through Saturday, from 8:00 AM – 4:00 PM every day. For most of the year this meant that Plaintiff worked 48 hours per week.

48.     During the summer months, June, July and August, Plaintiff also worked the 4:00 PM – 6:00 PM shift, and so during those months Plaintiff worked 60 hours per week.

49.     Even though Plaintiff was an employee, his wages consisted solely of the commission that he was paid for every service call. Plaintiff would get $30 per job no matter how many hours in the week he worked.

50.     Defendants required Plaintiff and the other Technicians to purchase their own supply, inclusive of a particular kind of cell phone, wiring and the tools and equipment necessary to perform their duties.

51.     Defendants also impermissibly and unlawfully deducted from, or caused to be deducted from the Technician's wages compensation for, among other things, but not limited to,

overhead associated with the operation of the office, alleged errors made during the service call, customer complaints allegedly made post the service call, and other arbitrary deductions for which no explanation is provided.

52. Contrary to Defendants' treatment of them as independent contractors, however, Plaintiff and the Technicians were Defendants' employees because:

   a. They did not have a choice as to when, where and how they could perform their services;

   b. Defendants, and certainly not Technicians, were responsible for all client contact;

   c. Defendants were responsible for billing and collections from clients;

   d. Technicians were required to work exclusively for the Defendants;

   e. Defendants set the Technicians' rate of pay;

   f. Defendants were the sole evaluators of job performance;

   g. Defendants required prior permission for absences; and

   h. Defendants had the right to hire and fire the Technicians at will.

53. Conversely, Plaintiff and the other Technicians, could not be independent contractors where they were not free from supervision, direction and control in the performance for their duties. Moreover, they:

   a. did not have their own businesses;

   b. did not carry their own insurance;

   c. did not set their own schedule;

   d. did not choose their own customers;

   e. were not free to refuse work;

11

      f. did not set or negotiate their own pay rates; and

      g. were not free to hire help.

54. Plaintiff and the members of the Federal Collective Group were not "professionals" and did not perform executive or administrative functions as defined by the FLSA.

55. Plaintiff and the members of the New York Class were not "professionals" as defined by 12 NYCRR § 142-2.14(c)(4)(iii), and did not perform executive or administrative functions as defined in 12 NYCRR §§ 142-2.14(c)(4)(i) and 142-2.14(c)(4)(ii)

## FIRST CAUSE OF ACTION
### Restitution for Failure to Pay Overtime to the Federal Class
### (Violation of FLSA § 207)

56. Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

57. Section 207(a)(1) of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

58. There are no other exemptions applicable to Plaintiff and members the Federal Collective Group.

59. For purposes of the Fair Labor Standards Act, the employment practices of

Defendants were and are uniform in all respects material to the claims asserted in this Complaint.

60.   As a result of Defendant's failure to pay overtime, Plaintiff and the members of the Federal Collective Group were damaged in an amount to be proven at trial.

61.   In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, Defendants acted willfully in that they knowingly, deliberately and intentionally failed to pay overtime to Plaintiff and the other members of the Federal Collective Group.

62.   Therefore, Plaintiff demands that he and the members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus liquidated damages, interest and attorneys' fees as provided by law.

## SECOND CAUSE OF ACTION
### Restitution for Failure to Pay Overtime to the New York Class
### (Violation of NYCRR § 142-2.2)

63.   Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

64.   NYCRR § 142-2.2 closely tracks the language of Section 207 of the FLSA.

65.   Plaintiff and all other members of the New York Class employed by Defendants during the Class Period regularly work more than 40 hours per week, and were, or are, compensated on a straight commission/per job basis with no premium pay for hours worked in excess of 40 hours.

66.   The commissions/ per job compensation that Plaintiff and the other members of the New York Class received are "wages" within the meaning of New York Labor Law § 190(1) and, therefore, subject to the overtime pay requirements of New York Labor Law § 193.

67.   Members of the New York Class, those compensated on a per job basis are

thus "employees" who receive "wages" within the meaning of New York Labor Law §§ 190(1) and 193.

68.  A defendant bears the burden of proving that its employees fall within an exemption enumerated in 12 NYCRR § 142-2.14.

69.  Because the provisions of the exemption are cumulative, each of the prerequisites must be satisfied, and thus, the absence of one of the requirements for the exemption ends the inquiry.

70.  There are no exemptions potentially applicable to Plaintiff and members of the New York Class.

71.  As a result of defendant's failure to pay overtime, Plaintiff and the members of the New York Class were damaged in an amount to be proven at trial.

72.  Therefore, Plaintiff demands that he and the members of the New York Class be paid overtime compensation as required by New York Labor Law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

### THIRD CAUSE OF ACTION
### Impermissible Deductions from Employees' Wages
### (New York Labor Law § 193)

73.  Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

74.  New York Labor Law expressly prohibits employers from making unauthorized deductions from employees' wages.

75.  New York Labor Law § 193 provides:

**Deductions from wages:**

1. No employer shall make any deduction from the wages of an employee, except deductions which:

   a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or

   b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

2. No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. LAB. LAW § 193.

76. Thus, Section 193 prohibits deductions from employees' wages unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee" and, (2) are limited to the enumerated categories of permissible deductions.

### FOURTH CAUSE OF ACTION
### Violation of The Notice and Recordkeeping Requirements
### (New York Labor Law § 195)

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants failed to provide Plaintiff, and the other members of the New York Class, with a written notice of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

79. Defendants are liable to Plaintiff and the other members of the New York Class

in an amount to be proven at trial, plus attorney's fees as provided by law.

### FIFTH CAUSE OF ACTION
### Violation of The Wage Statement Provisions
### (New York Labor Law § 195)

80.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants failed to provide Plaintiff, and the other members of the New York Class, with a statement of wages with each payment of wages as required by NYLL §195(3).

82.     Defendants are liable to Plaintiff and the other members of the New York Class in an amount to be proven at trial, plus attorney's fees as provided by law.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and all others similarly situated persons, prays for the following relief:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of Plaintiff as representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to Rule 23 of the Fed. R. Civ. P. for the purposes of the claims brought on behalf of Class members;

D. An order declaring that defendants violated the FLSA in the manners stated in this complaint;

E. An order declaring that defendants' violations of the FLSA were willful;

F. An order declaring that defendants violated the NYLL in the manners stated in this complaint;

G. An order declaring that defendants' violations of the NYLL were willful;

H. An award of overtime compensation under the FLSA and NYLL;

I. An award for Defendants' violations of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

J. An award of liquidated damages pursuant to the FLSA;

K. An award of damages for violations of NYLL;

L. All penalties available under the applicable laws;

M. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

N. Interest as provided by law; and

O. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
August 17, 2016

By: Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorney for Plaintiff*